UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| WILLIAM D. CARROLL, JR., ET AL. | CIVIL ACTION |
|---|---|
| VERSUS | |
| SAMERA L. ABIDE, ET AL. | NO.: 3:14-cv-00503-BAJ-SCR |

## RULING AND ORDER

Defendant Samera Abide ("Abide") moves to dismiss Plaintiffs' Complaint for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1). (Doc. 3 at pp. 2–7). In the alternative, Abide seeks dismissal under Rule 12(b)(6) for failure to state a claim. (*Id.* at pp. 7–9). Plaintiffs oppose Abide's motion. (Doc. 8). Abide has filed a reply to Plaintiffs' opposition. (Doc. 9-3).[1] Oral argument is not necessary. Abide's motion will be granted.

### I.

The parties to this action are well-acquainted. Plaintiffs William and Carolyn Carroll are Chapter 7 debtors in bankruptcy proceedings pending in this District's Bankruptcy Court. (Doc. 1 at p. 1). Plaintiff Pamela Carroll Alonso is William's and Carolyn's daughter.[2] (*Id.* at p. 2). Defendant Samera Abide is the bankruptcy trustee assigned by court order to administer the Carroll's bankruptcy estate. (*Id.*).

---

[1] Abide's **MOTION FOR LEAVE TO FILE REPLY MEMORANDUM (Doc. 9)** is hereby **GRANTED.**

[2] The Court will refer to William, Carolyn, and Pamela Carroll collectively as "the Carrolls."

To put it mildly, Abide and the Carrolls suffer a strained relationship. A cursory review of the record in the underlying Chapter 7 proceedings reveals that the Carrolls have prompted multiple petty disputes since filing for bankruptcy protection in 2008, culminating most recently in an order to show cause why the Carrolls "should not be held in further contempt of court" for violating court orders and failing to pay attorney fees. (*See Pamela J. Alonso, et al. v. Samera L. Abide, Trustee*, No. 11-cv-00702 (M.D. La. Sept. 30, 2014) (Doc. 206, Order to Show Cause)). At issue in *this* ancillary action is the Carrolls' allegation that Abide violated their rights under the Fourth Amendment when, in performance of her duties as Chapter 7 trustee, she (1) "seized and illegally accessed a personal computer . . . exposing the contents to staff and other persons," and (2) "searched the Carrolls' personal clothing and effects . . . without a court approved order to commit these actions." (Doc. 1 at p. 8). Significantly, the Carrolls did not seek leave from the Bankruptcy Court prior to filing this action.

Given the Carrolls' record to date, the Court harbors serious doubts as to the legal *and* factual bases of their claims. An assessment of the merits of the Carrolls' Complaint is not required, however, because it is quite clear that the Court lacks jurisdiction to entertain their Complaint. A trustee in bankruptcy is an officer of the court that appoints her. *See Matter of Topco, Inc.*, 894 F.2d 727, 739 n.16 (5th Cir. 1990). It follows that the appointing court has a strong interest in protecting the trustee from unjustified personal liability for acts taken within the scope of her official duties. *McDaniel v. Blust*, 668 F.3d 153, 157 (4th Cir. 2012). Thus, under

"the *Barton* Doctrine, . . . a party [must] obtain leave of the bankruptcy court before pursuing an action against the trustee." *In re Coastal Plains, Inc.*, 326 B.R. 102, 111 (Bankr. N.D. Tex. 2005), *aff'd* 338 B.R. 703 (N.D. Tex. 2006).[3] This requirement holds fast even *after* bankruptcy proceedings have closed. *Matter of Linton*, 136 F.3d 544, 545 (7th Cir. 1998). "[T]he *Barton* doctrine is jurisdictional in nature." *Satterfield v. Malloy*, 700 F.3d 1231, 1234 (10th Cir. 2012).

Having failed to obtain leave of the Bankruptcy Court before suing Abide in this Court, the Carrolls' Complaint must be dismissed pursuant to Rule 12(b)(1) for lack of jurisdiction. *See id.*

## II.

Accordingly,

**IT IS ORDERED** that Abide's **MOTION FOR LEAVE TO FILE REPLY MEMORANDUM (Doc. 9)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Abide's **MOTION TO DISMISS (Doc. 3)** is **GRANTED**. Specifically, the Court dismisses the Carrolls' Complaint for lack

---

[3] The *Barton* Doctrine derives from the U.S. Supreme Court's decision in *Barton v. Barbour*, 104 U.S. 126 (1881), which held that leave of the appointing court is required before a party may sue a railroad receiver in his official capacity. Invariably, U.S. Circuit Courts of Appeal that have considered the issue have extended the *Barton* Doctrine to protect bankruptcy trustees. *See Muratore v. Darr*, 375 F.3d 140, 147 (1st Cir. 2004); *In re Lehal Realty Associates*, 101 F.3d 272, 276 (2nd Cir. 1996); *In re VistaCare Group LLC*, 678 F.3d 218, 224 (3rd Cir. 2012); *McDaniel v. Blust*, 668 F.3d 153, 157 (4th Cir. 2012); *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993); *Matter of Linton*, 136 F.3d 544, 546 (7th Cir. 1998); *In re Crown Vantage, Inc.*, 421 F.3d 963, 971 (9th Cir. 2005); *Satterfield v. Malloy*, 700 F.3d 1231, 1234 (10th Cir. 2012); *Carter v. Rodgers*, 220 F.3d 1249, 1252 (11th Cir. 2000); *cf. Anderson v. United States*, 520 F.2d 1027, 1029 (5th Cir. 1975) (acknowledging bankruptcy trustee's defense that "permission of the appointing court is necessary before a former trustee may be sued for acts done in his official capacity as an officer of a court").

of subject matter jurisdiction pursuant to Rule 12(b)(1).

Baton Rouge, Louisiana, this 1ST day of October, 2014.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**