# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**WILLIAM D. CARROLL, JR., ET AL.**                    CIVIL ACTION

**VERSUS**

**SAMERA L. ABIDE, ET AL.**                    NO.: 14-00503-BAJ-EWD

## RULING AND ORDER

Now into Court comes Defendant Samera L. Abide ("Defendant") filing **Defendant's Motion to Dismiss Pursuant to FRCP 12(B)[1] (Doc. 45)**. *Pro se*[2] Plaintiffs William D. Carroll, Jr., Carolyn K. Carroll, and Pamela Carroll Alonso (collectively, "Plaintiffs") have chosen not to address the merits of Defendant's motion because they believe it to be a "procedurally inappropriate filing."[3] (*See* Doc. 46). For the reasons explained herein, Defendant's motion is **GRANTED** pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1)[4] and 12(b)(6)**.**

---

[1] [sic]

[2] Initially, the Court acknowledges that "pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002) (internal quotations and citations omitted).

[3] From a procedural perspective, Defendant certainly "should have sought leave of court to supplement [her] original motion to dismiss with . . . new . . . defenses." *See Cannon v. Sixth Dist. Pub. Def. Office*, No. CIV.A. 09-2164, 2010 WL 5855912, at *3 (W.D. La. Oct. 26, 2010); (*See* Doc. 3) (Defendant's original motion to dismiss). However, "any error is harmless, where, as here, the additional defenses could have been raised in a Rule 12(c) motion for judgment on the pleadings, which is subject to the same standard of review as a motion to dismiss under Rule 12(b)(6)." *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodaux, Inc.*, 922 F. Supp. 2d 567, 579 n.1 (E.D. La. 2013).

[4] Defendant asserts that its motion to dismiss arises under Rule 12(b)(6). *See* Doc. 45-1 at pp. 1—3. However, all issues related to Article III standing, *see id.* at pp. 11—13, undoubtedly arise under Rule 12(b)(1), *see Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n.2 (5th Cir. 2011).

## I.       Background[5]

Plaintiffs allege that Defendant violated their Fourth Amendment rights in her capacity as court-appointed bankruptcy trustee. (*See* Doc. 1). More specifically, Plaintiffs seek damages[6] as a result of Defendant's search of the Carrolls' home, (*id.* at p. 6, ¶ 27); (*id.* at p. 8, ¶ 35(a)), computer, (*id.* at p. 5, ¶ 23); (*id.* at p. 8, ¶ 35(b)), and personal clothing and effects, (*id.* at p. 5, ¶ 25), (*id.* at p. 8, ¶ 35(c)).

## II.      Discussion

Plaintiffs' claims, for the following reasons, cannot stand: (1)[7] Pamela Carroll Alonso ("Alonso") lacks Article III standing, (*see* Doc. 45-1 at pp. 11—13), (2) the statute of limitations governing Defendant's search of the Carrolls' home has run, (*see id.* at pp. 8—9), (3) an Article III judge authorized Defendant's search of the Carrolls' personal clothing and effects, (*see id.* at pp. 18—19), and (4) Defendant's search of the Carrolls' computer does not fall within the confines of the Fourth Amendment.[8]

---

[5] *See also* Doc. 19 at pp. 1—3.

[6] Such an action arises under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See Mullis v. U.S. Bankr. Court for Dist. of Nevada*, 828 F.2d 1385, 1387 (9th Cir. 1987).

[7] *See Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001) (noting that "[w]hen a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits").

[8] Admittedly, the Court raised this issue *sua sponte*, *see Coates v. Heartland Wireless Commc'ns, Inc.*, 55 F. Supp. 2d 628, 633 (N.D. Tex. 1999) (citing *Guthrie v. Tifco Indus.*, 941 F.2d 374, 379 (5th Cir.1991)), before dismissing all claims arising out of Defendant's search of the Carrolls' home with prejudice rather than without, *see infra* pp. 6—7. However, said claims were not, for instance, dismissed as insufficiently pled. *See Sullo & Bobbitt, PLLC v. Abbott*, No. 3:11-CV-1926-D, 2012 WL 2796794, at **13—14 (N.D. Tex. July 10, 2012). They were dismissed as legally foreclosed based upon the facts alleged. *Cf. Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007) (reaffirming that a court must, when evaluating a motion to dismiss, "accept as true all of the factual allegations contained in the complaint") (internal quotations and citations omitted). The notion that the Court should grant Plaintiffs leave to amend the *facts* of their complaint hardly seems "fair." *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (internal quotations and citations omitted).

### A.      Alonso's Article III Standing

"To meet the standing requirements of Article III, a plaintiff must allege *personal injury* fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Raines v. Byrd*, 521 U.S. 811, 818—19 (1997) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)) (emphasis in original). Although, "at the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice," *Hotze v. Burwell*, 784 F.3d 984, 992 (5th Cir. 2015) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)), "[a] federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing," *Whitmore v. Arkansas*, 495 U.S. 149, 155—56 (1990). Put simply, "if the plaintiff does not carry his burden . . . to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute, then dismissal for lack of standing is appropriate." *Hotze*, 784 F.3d at 992—93 (quoting *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990)).

Plaintiffs assert that Defendant unconstitutionally searched the Carrolls' home, (Doc. 1 at p. 6, ¶ 27); (*id*. at p. 8, ¶ 35(a)), computer, (*id*. at p. 5, ¶ 23); (*id*. at p. 8, ¶ 35(b)), and personal clothing and effects, (*id*. at p. 5, ¶ 25); (*id*. at p. 8, ¶ 35(c)). The record, however, is "devoid of any evidence that [Alonso] . . . was personally subjected[9] to an illegal search or seizure . . . ." *See San Jacinto Sav. & Loan v. Kacal*,

---

[9] The Fifth Circuit has, by its own admission, continued to construe this rule as one of standing, *see United States v. Maldonado*, 1993 WL 307857, *3 n.2 (5th Cir. 1993), rather than substantive Fourth Amendment law, *see Rakas v. Illinois*, 439 U.S. 128, 138—40 (1978).

928 F.2d 697, 704 (5th Cir. 1991); (*See* Doc. 1 at p. 2, ¶ 2) (wherein Plaintiffs'
Complaint makes clear that any reference to "the Carrolls" does not include Alonso).

Plaintiffs have therefore failed to satisfy their jurisdictional burden with
respect to Alonso. *See King v. U.S. Dep't of Veterans Affairs*, 728 F.3d 410, 413 (5th
Cir. 2013) (holding that federal jurisdiction must be established by a preponderance
of the evidence by whom it is invoked); *Wyble v. Gulf S. Pipeline Co., L.P.*, 308 F.
Supp. 2d 733, 741 (E.D. Tex. 2004) (citing *Raines*, 521 U.S. at 818) (holding that "*each*
plaintiff must establish that he has standing to sue") (emphasis added). Accordingly,
Alonso's claims against Defendant are **DISMISSED WITHOUT PREJUDICE**
pursuant to Rule 12(b)(1).

### B.    Defendant's Search of the Carrolls' Home

A constitutional claim filed in Louisiana's federal courts is subject to a one-
year statute of limitations, *King v. Louisiana*, 294 F. App'x 77, 82 (5th Cir. 2008)
(citing LA. CIV. CODE art. 3492), that "begins to run the moment the plaintiff becomes
aware that he has suffered an injury or has . . . information [such that] . . . a
reasonable person [would] . . . investigate further," *Piotrowski v. City of Houston*, 237
F.3d 567, 576 (5th Cir. 2001).

Plaintiffs allege that on May 26, 2011, it was "very obvious [to them] that an
illegal search [of the Carrolls' home] had taken place." (Doc. 1 at p. 6, ¶ 27). Put
another way, Plaintiffs admit that on May 26, 2011, any constitutional claim arising
out of Defendant's search of the Carrolls' home accrued. This lawsuit was filed on

August 12, 2014. (*Id*. at p. 1). By that point, the one-year statute of limitations had already run.[10]

Accordingly, all claims arising out of Defendant's search of the Carrolls' home, (*id*. at p. 6, ¶ 27); (*id*. at p. 8, ¶ 35(a)), are **DISMISSED WITH PREJUDICE** pursuant to Rule 12(b)(6).

### C.  Defendant's Search of the Carrolls' Personal Clothing and Effects

A bankruptcy trustee is entitled to "derivative immunity" when acting pursuant to the orders of the court. *Boullion v. McClanahan*, 639 F.2d 213, 214 (5th Cir. 1981). "As a corollary to this general rule, however, virtually all courts agree that a bankruptcy trustee may be sued in his individual capacity for acts which exceed the scope of his authority, or are *ultra vires*." *In re Solar Fin. Servs., Inc.*, 255 B.R. 801, 803 (Bankr. S.D. Fla. 2000)

An Article III judge, in this case, authorized Defendant's search of the Carrolls' personal clothing and effects. *See In re Redpen Properties, LLC et al.*, No. 11-cv-702 (M.D. La. Aug. 13, 2013), ECF No. 164 ("**IT IS FURTHER ORDERED** that any personal property or property purchased since the bankruptcy proceedings shall be clearly identified by the Trustee.") (emphasis in original); *id*. (M.D. La. Aug. 23, 2013), ECF No. 171. Accordingly, all claims arising out of Defendant's search of the Carrolls' personal clothing and effects, (Doc. 1 at p. 5, ¶ 25); (*id*. at p. 8, ¶ 35(c)), are **DISMISSED WITH PREJUDICE** pursuant to Rule 12(b)(6).

---

[10] Plaintiffs concede as much in their opposition to Defendant's original motion to dismiss. *See* Doc. 8 at p. 6.

### D.    Defendant's Search of the Carrolls' Computer

"The Fourth Amendment generally does not protect against unreasonable intrusions by private parties." *In re Bodeker*, No. 12-60137-7, 2013 WL 2467975, at \*11 (Bankr. D. Mont. June 7, 2013) (quoting *In re Kerlo*, 311 B.R. 256, 263 (Bankr. C.D. Cal. 2004) (citing *Burdeau v. McDowell*, 256 U.S. 465, 475 (1921)). However, the Fourth Amendment does apply "to the conduct of private parties acting as instruments or agents of the government." *Id.* (quoting *In re Kerlo*, 311 B.R. at 263) (citing *Coolidge v. New Hampshire*, 403 U.S. 443, 487 (1971)). That is, a private party can be held liable under the Fourth Amendment if: (1) the government knew of and acquiesced in the intrusive conduct, and (2) the private party acted with the intent to assist law enforcement. *Id.* (quoting *United States v. Reed*, 15 F.3d 928, 931 (9th Cir.1994)); *see also United States v. Hardin*, 539 F.3d 404, 418 (6th Cir. 2008) (holding that where "the intent of the private party conducting the search is entirely independent of the government's intent to collect evidence for use in a criminal prosecution," the Fourth Amendment does not apply); *United States v. Blocker*, 104 F.3d 720, 725 (5th Cir. 1997); *United States v. Attson*, 900 F.2d 1427, 1432 (9th Cir. 1990); *In re Bodeker*, 2013 WL 2467975 at \*12 (refusing to impose Fourth Amendment liability upon a trustee who merely "collect[ed] property of the estate" pursuant to 11 U.S.C. § 704(a)(1)) .

Plaintiffs acknowledge that the government neither knew of nor acquiesced in Defendant's search of the Carrolls' computer. (*See* Doc. 1 at p. 4, ¶ 16) (noting that the Court did not grant Defendant permission "to access the [Carrolls'] computer");

(*See id*. at p. 7, ¶ 30) (referring to Defendant's search of the Carrolls' computer as "unauthorized"). Accordingly, all claims arising out of Defendant's search of the Carrolls' computer, (*id*. at p. 5, ¶ 23); (*id*. at p. 8, ¶ 35(b)), are **DISMISSED WITH PREJUDICE** pursuant to Rule 12(b)(6).

### III.   CONCLUSION

**IT IS ORDERED** that **Defendant's Motion to Dismiss Pursuant to FRCP 12(B)**[11] **(Doc. 45)** is **GRANTED**.

**IT IS FURTHER ORDERED** that all of Plaintiff Pamela Carroll Alonso's claims against Defendant are **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 12(b)(1).

**IT IS FURTHER ORDERED** that all of Plaintiffs William and Carolyn Carroll's claims against Defendant are **DISMISSED WITH PREJUDICE** pursuant to Rule 12(b)(6).

**IT IS FURTHER ORDERED** that all of Plaintiffs William and Carolyn Carroll's claims against XYZ Insurance Company[12] are **DISMISSED WITH PREJUDICE** for all of the reasons provided herein.

Baton Rouge, Louisiana, this 10th day of March, 2016.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[11] [sic]

[12] XYZ Insurance Company is Defendant's insurer. *See* Doc. 1 at p. 2, ¶ 5.

7